PROB 12C
(6/16)

Report Date: July 15, 2020

# United States District Court

### for the

### Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 16, 2020

SEAN F. McAVOY, CLERK

### Petition for Warrant or Summons for Offender Under Supervision

| | |
|---|---|
| Name of Offender: Cheyenne R. Ford | Case Number: 0980 2:19CR00034-TOR-2 |
| Address of Offender: | Ford, Washington 99013 |

Name of Sentencing Judicial Officer:  The Honorable Thomas O. Rice, Chief U.S. District Judge

Date of Original Sentence: July 17, 2019

Original Offense:    Escape, 18 U.S.C. §§ 751(a), 2
Assault on a Federal Officer, 18 U.S.C. § 111(a)(1), (b)

| | | |
|---|---|---|
| Original Sentence: | Prison - 15 months<br>TSR - 36 months | Type of Supervision: Supervised Release |
| Asst. U.S. Attorney: | Richard Barker | Date Supervision Commenced: February 21, 2020 |
| Defense Attorney: | Federal Defenders Office | Date Supervision Expires: February 20, 2023 |

### PETITIONING THE COURT

To issue a summons.

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **Special Condition # 3:** You must abstain from the use of illegal controlled substances, and must submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances.<br><br>**Supporting Evidence**: On June 18, 2020, Ms. Ford used methamphetamine and heroin, a direct violation of special condition number 3.<br><br>Ms. Ford's conditions of supervised release were reviewed with her on February 24, 2020. She signed her judgment acknowledging an understanding of her conditions.<br><br>On June 23, 2020, the undersigned spoke with Ms. Ford in response to being a "no show" on June 22, 2020, for a random urinalysis conducted by her treatment provider. Thereafter, Ms. Ford admitted to the undersigned that she relapsed on heroin and methamphetamine on June 18, 2020. |

2   **Special Condition # 4:** You must not enter into or remain in any establishment where alcohol is the primary item of sale. You must abstain from alcohol and must submit to urinalysis and Breathalyzer testing as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from this substance.

**Supporting Evidence**: On June 25, 2020, Ms. Ford consumed alcohol, a direct violation of special condition number 4.

Ms. Ford's conditions of supervised release were reviewed with her on February 24, 2020. She signed her judgment acknowledging an understanding of her conditions.

On June 29, 2020, the undersigned was informed by her treatment provider that she provided a urinalysis on June 26, 2020, that tested positive for alcohol. On June, 29, 2020, the undersigned spoke with Ms. Ford in which she admitted to consuming alcohol on June 25, 2020. Ms. Ford informed the undersigned that she was unaware that she was prohibited from consuming alcohol in which the undersigned again reviewed the conditions of her supervised release with her.

3   **Special Condition # 3:** You must abstain from the use of illegal controlled substances, and must submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances.

**Supporting Evidence**: Ms. Ford used suboxone (buprenorphine) on July 6, 2020, without having a valid prescription, which is a direct violation of special condition number 3.

Ms. Ford's conditions of supervised release were reviewed with her on February 24, 2020. She signed her judgment acknowledging an understanding of her conditions.

On July 13, 2020, Ms. Ford admitted to the undersigned that she used suboxone while not having a valid prescription for this substance.

4   **Standard Condition # 5:** You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

**Supporting Evidence**: Ms. Ford failed to notify her probation officer in advance prior to changing her residence on July 7, 2020, a direct violation of standard condition number 5.

Ms. Ford's conditions of supervised release were reviewed with her on February 24, 2020. She signed her judgment acknowledging an understanding of her conditions.

On July 9, 2020, the undersigned attempted to contact Ms. Ford via telephone to no avail. On July 10, 2020, the undersigned received a text message from Ms. Ford's mother stating that Ms. Ford is now residing back at her residence in Ford, Washington. On July 13, 2020, the undersigned was able to speak with Ms. Ford via telephone in which she admitted to

Prob12C
**Re: Ford, Cheyenne R.**
**July 15, 2020**
**Page 3**

    moving out of her previously approved residence on July 7, 2020. Ms. Ford apologized for failing to report this information in a timely manner.

The U.S. Probation Office respectfully recommends the Court issue a summons requiring the offender to appear to answer to the allegation(s) contained in this petition.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: 07/15/2020

s/Jonathan C. Bot

Jonathan C. Bot
U.S. Probation Officer

THE COURT ORDERS

[ ]  No Action
[ ]  The Issuance of a Warrant
[X]  The Issuance of a Summons
[ ]  Other

Thomas O. Rice
Chief United States District Judge
July 16, 2020
Date